# JEROME A. BLANCHARD v. C. A. SMITH LUMBER COMPANY.[1]

July 23, 1909.

Nos. 16,189—(152).

Action in the district court for Hennepin county to recover $2,000 for personal injuries sustained by the minor son of plaintiff while employed in defendant's factory in operating a certain rip saw. The case was tried before Frederick V. Brown, J., and a jury which returned a verdict in favor of plaintiff for $1,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Keith, Evans, Thompson & Fairchild,* for appellant.

*James E. Markham* and *Benjamin Calmenson,* for respondent.

PER CURIAM.

In this action to recover damages for personal injuries the plaintiff recovered a verdict of $1,000, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

[1]Reported in 122 N. W. 1134.

We find nothing in this record but questions of fact and the application thereto of well established rules of law.

The action was brought by the plaintiff on behalf of his minor son who was injured while operating a rip saw for the appellant in its box factory. He was a young man about eighteen years of age, but had had considerable experience in this line of work. He had operated the particular saw upon which he was injured for about two hours before he was injured. While engaged in pushing a piece of wood through the saw, the wood was in some manner clinched by the saw and carried upward so that the operator's hand slipped beneath the wood and came in contact with the saw. The complaint alleged that the saw upon which the young man was injured was worn, defective, and unfit for use; that the ends of the journal to which the saw was attached were worn, uneven and untrue; that the boxes in which the journal rested were worn, loose and defective so that it was loose, shifty and wobbly in its bearings; that the saw revolved while in operation in an unsteady, uneven motion so that the lumber that was being fed into it was liable at any time to be caught by the irregular motion of the saw and thrown so that there was great danger that the hands of the operator would be thrown against the saw.

The condition of the saw, the contributory negligence of the injured man, and the question of whether he assumed the risks involved in the work, were, upon the evidence in this case, all questions for the jury. An extended discussion of the evidence would be useless. We have examined the record very carefully and are convinced that the order of the trial court was correct.

Order affirmed.